MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
OSCAR QUIM and JHOVANI LUNA LUNA,
*individually and on behalf of others similarly situated,*

                     *Plaintiffs*,

              -against-

J & A GLATT MEATS INC. (D/B/A THE PRIME CUT), ALBIR ALLAHHAM , and ALBERT ALHAM,

                     *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Oscar Quim and Jhovani Luna Luna (Individual Plaintiffs"), (collectively "Plaintiffs") individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against J & A Glatt Meats Inc. (d/b/a The Prime Cut), ("Defendant Corporation"), Albir Allahham and Albert Alham, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1. Plaintiffs are former employees of Defendants J & A Glatt Meats Inc. (d/b/a The Prime Cut), Albir Allaham, and Albert Alham.

2. Defendants own, operate, or control a meat market, located at 431 Avenue U, Brooklyn, NY 11223 under the name "The Prime Cut".

3. Upon information and belief, individual Defendants Albir Allahham and Albert Alham, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the meat market as a joint or unified enterprise.

4. Plaintiff Quim was employed as a meat preparer and Plaintiff Luna was employed as a meat butcher and meat preparer at the meat market located at 431 Avenue U, Brooklyn, NY 11223.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a meat market located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

14. Plaintiff Oscar Quim ("Plaintiff Quim" or "Mr. Quim") is an adult individual residing in New York County, New York.

15. Plaintiff Quim was employed by Defendants at "Prime Cut" from approximately September 2012 until on or about October 7, 2019.

16. Plaintiff Jhovani Luna Luna ("Plaintiff Luna" or "Mr. Luna") is an adult individual residing in Kings County, New York.

17. Plaintiff Luna was employed by Defendants at "Prime Cut" from approximately 2010 until on or about 2012, Plaintiff Luna then left for approximately a few weeks and returned to work with Defendants in or around July 2012 until on or about August 2013. Plaintiff Luna then

left for a second time in or around August 2013 and returned to work with Defendants in or around February 2014 at which point he worked for Defendants continuously until on or about August 17, 2018.

18.   Plaintiff Quim and Plaintiff Luna consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.   At all relevant times, Defendants owned, operated, or controlled a meat market, located at 431 Avenue U, Brooklyn, NY 11223 under the name "The Prime Cut".

20.   Upon information and belief, J & A Glatt Meats Inc. (d/b/a The Prime Cut) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 431 Avenue U, Brooklyn, NY 11223.

21.   Defendant Albir Allahham is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Albir Allahham is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Albir Allahham possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.   Defendant Albert Alham is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Albert Alham is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Albert Alham possesses operational control over Defendant Corporation, an ownership interest in Defendant

Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a meat market located in the Ocean Parkway section of Brooklyn in New York City.

24. Individual Defendants, Albir Allahham and Albert Alham, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Albir Allahham and Albert Alham operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

31. In each year from 2014 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the meat market on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

33. Plaintiff Quim is a former employee of Defendants who was employed as a meat preparer. Plaintiff Quim seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

34. Plaintiff Luna is a former employee of Defendants who was employed as a meat butcher and meat preparer. Plaintiff Luna seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Oscar Quim*

35. Plaintiff Quim was employed by Defendants from approximately September 2012 until on or about October 7, 2019.

36. Defendants employed Plaintiff Quim as a meat preparer.

37. Plaintiff Quim regularly handled goods in interstate commerce, such as meat and other supplies produced outside the State of New York.

38. Plaintiff Quim's work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Quim regularly worked in excess of 40 hours per week.

40. From approximately July 2014 until on or about December 2018, Plaintiff Quim worked from approximately 8:00 a.m. until on or about 6:30 p.m. to 8:15 p.m., Sundays to Thursdays and from approximately 8:00 a.m. to 3:00 p.m. on Fridays (typically 59.5 to 68.5 hours per week).

41. From approximately January 2019 until on or about October 7, 2019, Plaintiff Quim worked from approximately 8:00 a.m. until on or about 5:00 p.m. to 6:00 p.m., Sundays through Thursdays and 8:00 a.m. to 3:00 p.m. on Fridays (typically 52 to 57 hours per week).

42. Throughout his employment, Defendants paid Plaintiff Quim his wages in cash. Specifically, Defendants prepared a check for Plaintiff Quim and had him sign it; Defendants would then cash the check for Quim and would pay him fixed weekly payments in cash, as set out below.

43. From approximately July 2014 until on or about September 2014, Defendants paid Plaintiff Quim a fixed salary of $600 per week.

44. From approximately October 2014 until on or about December 2014, Defendants paid Plaintiff Quim a fixed salary of $800 per week.

45. From approximately January 2015 until on or about October 7, 2019, Defendants paid Plaintiff Quim a fixed salary of $900 per week.

46. Plaintiff Quim's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47. For example, Defendants required Plaintiff Quim to work an additional hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

48. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Quim regarding overtime and wages under the FLSA and NYLL.

49. Defendants did not provide Plaintiff Quim an accurate statement of wages, as required by NYLL 195(3).

50. In fact, Defendants adjusted Plaintiff Quim's paystubs so that they reflected inaccurate wages and hours worked.

51. Defendants did not give any notice to Plaintiff Quim, in English and in Spanish (Plaintiff Quim's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52. Defendants required Plaintiff Quim to purchase "tools of the trade" with his own funds—including a knife, knife filer, a knife placer and work boots.

*Plaintiff Jhovani Luna Luna*

53. Plaintiff Luna was employed by Defendants from approximately 2010 until on or about 2012, Plaintiff Luna then left for approximately a few weeks and returned to work with Defendants in or around July 2012 until on or about August 2013. Plaintiff Luna then left for a

second time in or around August 2013 and returned to work with Defendants in or around February 2014 at which point he worked for Defendants continuously until on or about August 17, 2018

54. Defendants employed Plaintiff Luna as a meat butcher and meat preparer.

55. Plaintiff Luna regularly handled goods in interstate commerce, such as meat and other supplies produced outside the State of New York.

56. Plaintiff Luna's work duties required neither discretion nor independent judgment.

57. Throughout his employment with Defendants, Plaintiff Luna regularly worked in excess of 40 hours per week.

58. From approximately July 2014 until on or about August 2018, Plaintiff Luna worked from approximately 8:00 a.m. until on or about 7:30 p.m. to 8:00 p.m., Sundays to Thursdays and from approximately 8:00 a.m. to 5:00 p.m. or 6:00 p.m. on Fridays (typically 68.25 hours per week).

59. Throughout his employment, Defendants paid Plaintiff Luna his wages in a combination of check and cash.

60. From approximately June 2014 until the end of the year in 2014, Defendants paid Plaintiff Luna a fixed salary of $650 per week as the weekly total of the net amount from the check after taxed plus the cash payment.

61. From approximately 2015 until on or about 2016, Defendants paid Plaintiff Luna a fixed salary of $700 per week as the weekly total of the net amount from the check after taxed plus the cash payment.

62. From approximately 2017 until on or about August 17, 2018, Defendants paid Plaintiff Luna a fixed salary of $800 per week as the weekly total of the net amount from the check after taxed plus the cash payment.

63. Plaintiff Luna's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

64. For example, Defendants required Plaintiff Luna to work an additional two hours past his scheduled departure time 20 days each year, and did not pay him for the additional time he worked.

65. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Luna regarding overtime and wages under the FLSA and NYLL.

66. Defendants did not provide Plaintiff Luna an accurate statement of wages, as required by NYLL 195(3).

67. In fact, Defendants adjusted Plaintiff Luna's paystubs so that they reflected inaccurate wages and hours worked.

68. Defendants did not give any notice to Plaintiff Luna, in English and in Spanish (Plaintiff Luna's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69. Defendants required Plaintiff Luna to purchase "tools of the trade" with his own funds—including knifes, nife filers and work boots.

*Defendants' General Employment Practices*

70. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

71. Plaintiffs were victims of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

72. Defendants' pay practices resulted in Plaintiffs not receiving payment for all his hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

73. Defendants habitually required Plaintiff Quim to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

74. Defendants paid Plaintiffs their wages in cash and in a combination of check and cash.

75. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

76. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

78. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

80. Plaintiffs bring this FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

81. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

82. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

83. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87. Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88. Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

91. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92. Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95. At all times relevant to this action, Defendants were Plaintiffs employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

96. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

97. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

99. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

103. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

105. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

107. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

109. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

110. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

112. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

113. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114. Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

115. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(j) Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(l) Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay

shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)   Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)   Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)   All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

July 21, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:   /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 10, 2019

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                Jhovani Luna Luna

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:            *Jhovani Luna Luna*

Date / Fecha:                10 de diciembre 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 12, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Oscar Quim

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:           Oscar Quim

Date / Fecha:             12 de noviembre 2019

*Certified as a minority-owned business in the State of New York*