# CSM Legal, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
_____

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

December 9, 2021

**<u>Via ECF</u>**
Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Oscar Quim, et al v. J & A Glatt Meats, Inc., et al
<u>Docket No.: 20-cv-03268 (BMC) (PK)</u>

Your Honor:

This office represents Plaintiffs in the above-referenced matter.  I write to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

Plaintiffs have agreed to settle all of their claims in this action.  Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel that was reached during a settlement conference.  There was no fraud or collusion by any of the Parties during the settlement process.  The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests.  For these reasons, and based on the reasons set forth below, Plaintiffs respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

## I.  **<u>Background</u>**

Plaintiffs filed a Complaint against Defendants alleging claims for unpaid minimum wages, overtime compensation and spread of hours pay; the failure to provide wage notices; the failure to provide accurate wage statements; and liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiffs allege that they are entitled to back wages of approximately $266,749.05 and would be entitled to approximately $727,152.37 if they had recovered in full for their claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and

costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiffs contend that they were employed by Defendants at a meat market located at 431 Avenue U, Brooklyn, New York 11223 operating under the name Prime Cut. Collectively, Plaintiffs were employed by Defendants from approximately 2010 until on or about October 7, 2019. Plaintiffs allege that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiffs to be entitled to the above-claimed sums.

## II. The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $50,000.00. Pursuant to the Agreement, the Settlement Amount shall be paid in a lump-sum payment, payable by Defendants within (30) days after the Court's approval of the Agreement and the dismissal of this action with prejudice. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Towards that end, Defendants produced wage and hour records which purported to show that Plaintiffs did not earn the wages that they claimed to have earned or worked the number of hours that they claimed to have worked. Accordingly, Defendants alleged that, even if Plaintiffs succeeded on liability, their damages were not near what Plaintiffs claimed them to be. Moreover, largely as a result of the COVID-19 pandemic, Defendants had limited financial resources with which to settle Plaintiffs' claims or satisfy a judgment, and therefore it would have been difficult for Plaintiffs to enforce a large judgment against Defendants and collect it in full.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiffs' counsel will receive $16,666.67 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation.

Plaintiffs' counsel's lodestar in this case is $14,815.00 and Plaintiffs' costs are $552.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billable work on behalf of Plaintiffs, including the effective billable rate which Plaintiffs respectfully request the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

    i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment anti-discrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450.00 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450.00, or even $500.00, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

    ii.    Joshua Androphy, a former senior attorney at Michael Faillace & Associates, P.C., was billed at an hourly rate of $400.00. This is the rate that clients who retained the firm's services for an hourly rate regularly paid for Mr. Androphy's

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf an and order is entered to that effect.

services.  Mr. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems.  Following law school, Mr. Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation, and contract litigation for seven years.  When Mr. Androphy left Olshan Frome Wolosky LLP in 2012, his regular billing rate was $450.00 per hour.  Mr. Androphy joined Michael Faillace & Associates, P.C. in 2012 and was responsible for litigating all aspects of individual, collective, and class-action employment claims in state and federal court.  Mr. Androphy tried wage and hour actions in federal court.  Mr. Androphy was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018.

iii.     Kevin S. Johnson was an associate at Michael Faillace & Associates, P.C.  He graduated from New York Law School in 2011.  He practiced as an associate at Rosenbaum & Rosenbaum, P.C. and Georgaklis & Mallas, PLLC. before joining Michael Faillace & Associates, where he worked in labor and employment law, with a focus on FLSA litigation.  His work was billed at the rate of $375.00 per hour and indicated by the initials "KSJ."

iv.     I, William K. Oates, am an associate at C.S.M. Legal, P.C., formerly Michael Faillace & Associates, P.C.  I graduated New York Law School in 1995, and am admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York.  Since law school I have practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms.  Since joining Michael Faillace & Associates, P.C. in December 2020, and C.S.M. Legal, P.C. in November 2021, I have been responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court.  My work is billed at the rate of $400.00 per hour.

v.     Jorge Rivas ("PL") is a paralegal at CSM Legal, P.C., formerly Michael Faillace & Associates.  He graduated from the University at Albany in May 2010 with a Bachelor of Arts in Political Science and joined the firm of Michael Faillace & Associates in May 2016.  Mr. Rivas' work is billed at a rate of $125.00 per hour, well within a range of rates for paralegal work that courts have routinely approved. *See*, e.g., *Manley*, *supra*, Doc. No. 42, at *37; *Gonzalez v. Scalinatella, Inc*., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them.

Plaintiffs thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s William K. Oates
William K. Oates, Esq
CSM Legal, P.C.
*Attorneys for Plaintiffs*

Attachments

cc: Abraham Hamra, Esq. (via ECF)